ELECTRONICALLY FILED - 2026 Jan 15 11:53 AM - HORRY - COMMON PLEAS - CASE#2026CP2600252

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | C/A No. |
| Alexis Hill as Guardian ad Litem for I.H., a minor under the age of eighteen (18) years, Plaintiff, | **SUMMONS (Jury Trial Requested)** |
| Versus | |
| Airbnb, Inc. and Louise Moran, Defendants. | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your Answer to the said Complaint to said Plaintiff's attorneys D. Nathan Hughey, A. Stuart Hudson and Bradley H. Banyas, at their office located at 1311 Chuck Dawley Blvd, Suite 201, Post Office Box 348, Mt. Pleasant, South Carolina 29465-0348, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to do so, judgment by default will be rendered against you for the relief demanded in the Complaint.

**HUGHEY LAW FIRM, LLC**

s/ D. Nathan Hughey

D. Nathan Hughey (SC Bar #68409)
A. Stuart Hudson (SC Bar #71691)
Bradley H. Banyas (SC Bar #101668)
Post Office Box 348
Mount Pleasant, South Carolina 29465
T: (843) 881-8644
F: (888) 884-8311
nate@hugheylawfirm.com
stuart@hugheylawfirm.com
brad@hugheylawfirm.com

Attorneys for Plaintiff

January 15, 2026
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2026 Jan 15 11:53 AM - HORRY - COMMON PLEAS - CASE#2026CP2600252

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | ) | C/A No. |
| Alexis Hill as Guardian ad Litem for I.H., a minor under the age of eighteen (18) years, | ) | |
| Plaintiff, | ) | **COMPLAINT** **(Jury Trial Requested)** |
| Versus | ) | |
| Airbnb, Inc. and Louise Moran, | ) | |
| Defendants. | ) | |

Plaintiff, Alexis Hill as Guardian ad Litem for I.H., a minor under the age of eighteen (18) years, brings this action against Airbnb, Inc. and Louise Moran, (hereinafter styled "Defendants"), based on the allegations set forth below.

1. That the Plaintiff is a citizen and resident of the State of Illinois.

2. Upon information and belief, Defendant Airbnb, Inc. is corporation organized and existing under the laws of a state other than South Carolina. This Defendant owns, operates and/or manages property and transacts significant business at Tiffany Plantation at 932 Tiffany Lane, North Myrtle Beach, South Carolina in the County of Horry, State of South Carolina.

3. Upon information and belief, Defendant Louise Moran is a citizen and resident of the state of Rhode Island. This Defendant owns, operates and/or manages property and transacts significant business at Tiffany Plantation at 932 Tiffany Lane, North Myrtle Beach, South Carolina in the County of Horry, State of South Carolina.

4. Venue is proper in this court, and the court has both subject matter and personal jurisdiction over all claims and parties.

ELECTRONICALLY FILED - 2026 Jan 15 11:53 AM - HORRY - COMMON PLEAS - CASE#2026CP2600252

**FIRST CAUSE OF ACTION**
**(Gross Negligence/Negligence)**

5. The Plaintiff repeats and realleges all claims as fully as if they were set forth in their entirety in this Paragraph.

6. On or about June 4, 2025, the Plaintiff was on the Defendants' property located at Tiffany Plantation at 932 Tiffany Lane, North Myrtle Beach, South Carolina.

7. On June 4, 2025, as the Plaintiff was on the Defendants' property, Plaintiff encountered a very dangerous condition, namely an unsafe ceiling fan which was a hazard and the ceiling fan collapsed onto the Plaintiff's head, created by the Defendants, and about which the Defendants knew and/or should have known in the exercise of reasonable inspection, and about which the Defendants were on notice but failed to correct, which constituted a latent defect on the premises, and about which the Plaintiff assumed no risk. This dangerous condition caused the Plaintiff to suffer numerous severe injuries.

8. The Plaintiff, as a direct and proximate result of the defect on the premises caused by the Defendants, and the negligent, grossly negligent, willful, wanton, and reckless acts and omissions of the Defendants, suffered severe and permanent injuries and will continue to suffer injuries for the remainder of Plaintiff's life.

9. The Defendants further had the duty to warn of dangers of which the Defendants knew, should have known or in the exercise of reasonable inspection of the premises could have known.

10. The Defendants further owed the duty to have the premises in a reasonably safe condition and give warning of latent or concealed perils. The Defendants owed a duty to the Plaintiff of due care to discover risks and take safety precautions to warn of or eliminate foreseeable risks. The Plaintiff was entitled to expect that the Defendants would take reasonable care to know the actual condition prevailing at the time the Plaintiff was on the premises and make those conditions safe.

11. The Defendants had actual or constructive notice of the hazard, which the Plaintiff encountered through no fault of Plaintiff's own.

ELECTRONICALLY FILED - 2026 Jan 15 11:53 AM - HORRY - COMMON PLEAS - CASE#2026CP2600252

12. To the extent the Defendants allege that they did not create the hazard, it existed for such length of time prior to the injury that, under the circumstances the Defendants should have discovered and remedied the condition in the exercise of due care as set forth above.

13. The Defendants were aware of or should have been aware of the dangerous condition and did not take any action to minimize or avoid danger to the Plaintiff which constitutes clear and convincing evidence of negligence, gross negligence, recklessness, willfulness, and wantonness, including but not limited to in the following particulars:

a. Failing to maintain the premises;

b. Failing to exercise due care;

c. Failing to do what a reasonable person or entity would have done under the circumstances;

d. Failing to post signs;

e. Failing to inspect the premises;

f. Failing to warn the Plaintiff;

g. Failure to hire adequate personnel;

h. Failing to hire adequately trained personnel;

i. Failing to adequately train personnel;

j. Failing to adequately manage personnel;

k. Failing to develop adequate policies and procedures;

l. Failing to take actions to correct known problems and;

m. In such particulars as may be found through discovery or trial.

14. The Defendants' gross negligence, recklessness, willfulness and wantonness created a latent defect which proximately caused the Plaintiff's injuries including but not limited to:

a. Physical pain;

b. Suffering;

ELECTRONICALLY FILED - 2026 Jan 15 11:53 AM - HORRY - COMMON PLEAS - CASE#2026CP2600252

c. Permanent impairment of health and bodily efficiency;

d. Loss of sleep and inability to concentrate;

e. Loss of enjoyment of Plaintiff's life;

f. Increased susceptibility to future injury;

g. Substantial expenses for medical services;

h. Expenses for transportation to and from medical services; and

i. Such other particulars as may be found through discovery or trial.

15. The Plaintiff had no knowledge or reason to suspect danger with regard to the defect contained on the premises. In addition, the Plaintiff exercised ordinary and reasonable care for Plaintiff's self at all times.

16. The Defendants are liable to the Plaintiff, and the Plaintiff is entitled to actual and punitive damages as well as all other relief that may be proper.

WHEREFORE, the Plaintiff prays as follows: (a) that the Plaintiff recover a judgment against the Defendants in an amount sufficient to compensate them for injuries and damages as described above; (b) that the Plaintiff recover a judgment for an amount of punitive damages as authorized by law and; (c) that the Plaintiff recover all costs associated with this action and the Plaintiff recover such other relief as the court may deem just and proper.

ELECTRONICALLY FILED - 2026 Jan 15 11:53 AM - HORRY - COMMON PLEAS - CASE#2026CP2600252

s/ D. Nathan Hughey
D. Nathan Hughey (SC Bar No. 68409)
A. Stuart Hudson (SC Bar No. 71691)
Bradley H. Banyas (SC Bar No. 101668)
**HUGHEY LAW FIRM, LLC**
1311 Chuck Dawley Blvd., Suite 201
Post Office Box 348
Mt. Pleasant, South Carolina 29465-0348
Telephone: (843) 881-8644
Facsimile: 1-888-884-8311
nate@hugheylawfirm.com
stuart@hugheylawfirm.com
brad@hugheylawfirm.com

January 15, 2026
Mount Pleasant, SC