IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Hill as Guardian ad Litem for I.H., a minor under the age of eighteen (18) years,<br><br>               Plaintiff,<br><br>vs.<br><br>Airbnb, Inc. and Louise Moran,<br><br>               Defendants. | Case No.: 4:26-cv-01011-JD<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT AIRBNB, INC.'S MOTION TO DISMISS AS MOOT** |

This matter is before the Court on Plaintiff Alexis Hill's Motion to Remand (DE 11) and Defendant Airbnb, Inc.'s Motion to Dismiss (DE 6). For the reasons below, Plaintiff's Motion to Remand is DENIED, and Defendant Airbnb, Inc.'s Motion to Dismiss is DENIED AS MOOT.

## I.   BACKGROUND

Plaintiff Alexis Hill, as Guardian ad Litem for I.H., a minor under the age of eighteen, filed this premises liability action in the Court of Common Pleas for Horry County, South Carolina, Case No. 2026-CP-26-00252. (DE 1-1.) Plaintiff alleges that, on or about June 4, 2025, I.H. was present at a rental property located at 932 Tiffany Lane in North Myrtle Beach, South Carolina, when an allegedly unsafe ceiling fan collapsed onto I.H.'s head. (DE 1-1 ¶¶ 6–7.)

The Complaint asserts claims for negligence and gross negligence against Defendants Airbnb, Inc. and Louise Moran. Plaintiff alleges that Defendants knew or should have known of the dangerous condition, failed to inspect, maintain, warn,

train, hire, manage, and develop adequate policies and procedures, and otherwise acted negligently, grossly negligently, recklessly, willfully, and wantonly. (DE 1-1 ¶¶ 9–13.) Plaintiff alleges that I.H. suffered severe and permanent injuries, including physical pain, suffering, permanent impairment of health and bodily efficiency, loss of sleep, inability to concentrate, loss of enjoyment of life, increased susceptibility to future injury, substantial medical expenses, transportation expenses related to medical treatment, and other damages. (DE 1-1 ¶¶ 8, 14.) Plaintiff seeks actual damages, punitive damages, costs, and other proper relief. (DE 1-1 ¶ 16.)

The Complaint does not demand a specific dollar amount. (DE 1-1.) The Complaint alleges that Plaintiff is a citizen and resident of Illinois, Defendant Moran is a citizen and resident of Rhode Island, and Defendant Airbnb, Inc. is a corporation organized under the laws of a state other than South Carolina. (DE 1-1 ¶¶ 1–3.) The petition for appointment of guardian ad litem further states that Plaintiff and I.H. are residents of Cook County, Illinois. (DE 1-2 ¶ 2.)

On March 9, 2026, Defendant Airbnb removed this action under 28 U.S.C. §§ 1332, 1441, and 1446, asserting complete diversity and an amount in controversy exceeding $75,000, exclusive of interest and costs. (DE 1.) Airbnb alleged that Plaintiff, as guardian ad litem for I.H., is deemed a citizen of I.H.'s state of citizenship, *see* 28 U.S.C. § 1332(c)(2), and that Plaintiff and I.H. are Illinois citizens; Moran is a Rhode Island citizen; and Airbnb is a Delaware and California citizen. (DE 1 ¶¶ 9–14.) No party disputes those allegations. Airbnb also alleged that Moran consented to removal through counsel. (DE 1 ¶ 6.)

2

On March 16, 2026, Airbnb moved to dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 6.) On March 30, 2026, Plaintiff filed a Stipulation of Damages, stating that "at the time of filing," Plaintiff "did not intend to pursue damages adequate to satisfy the jurisdictional threshold" and stipulating that "the amount in controversy is less than $75,000.00." (DE 10.) Plaintiff then moved to remand, contending that the stipulation establishes that the jurisdictional amount is not satisfied. (DE 11.)

On April 15, 2026, Plaintiff, Airbnb, and Moran filed a joint Stipulation of Dismissal Without Prejudice as to Airbnb. (DE 12.) Airbnb was terminated as a party on April 15, 2026. (DE 13.) Moran has not filed a response to Plaintiff's Motion to Remand.

Because subject-matter jurisdiction is a threshold issue, the Court first addresses Plaintiff's Motion to Remand.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts are "created by Congress with specified jurisdictional requirements and limitations." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Accordingly, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper[.]" *Id.*

Removal from state court is proper only if the federal district court would have had original jurisdiction over the action at the time of removal. 28 U.S.C. § 1441(a); *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Because removal implicates federalism and comity concerns, the removal statute is strictly construed, and any doubts concerning removability, "a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Diversity jurisdiction exists where the matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). Complete diversity requires that the citizenship of every plaintiff differ from the citizenship of every defendant. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey*, 29 F.3d at 151. When a complaint does not demand a specific amount of damages, "removal of the action is proper on the basis of an amount in controversy asserted" in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B). A removing defendant must provide enough evidence to show "what the stakes of litigation are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (citation and internal quotation marks omitted). In determining the amount in controversy, the Court may consider

the complaint, the notice of removal, and other materials in the record. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014).

The amount in controversy is determined at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–94 (1938); *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 848–49 (D.S.C. 1999). Later events reducing the amount recoverable below the jurisdictional threshold generally do not divest the Court of jurisdiction once jurisdiction has attached. *St. Paul Mercury*, 303 U.S. at 292–94. Likewise, post-removal changes in party status or citizenship generally do not defeat diversity jurisdiction that otherwise existed at the relevant time. *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002); *see also Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

However, where a complaint seeks an unspecified amount of damages, courts may consider a post-removal stipulation if it clarifies, rather than reduces, the amount in controversy. *See Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp. 3d 225, 229–31 (D.S.C. 2019); *Carter v. Bridgestone Ams., Inc.*, No. 2:13-cv-00287-PMD, 2013 WL 3946233, at *1–3 (D.S.C. July 31, 2013). To serve that clarifying function, the stipulation must provide an unequivocal and binding limitation on recovery. *See Stanley*, 423 F. Supp. 3d at 230–31.

### III.   DISCUSSION

The parties do not meaningfully dispute complete diversity. Airbnb alleged in the Notice of Removal that Plaintiff, as guardian ad litem for I.H., is deemed a citizen of I.H.'s state of citizenship, *see* 28 U.S.C. § 1332(c)(2), and that Plaintiff and I.H. are

Illinois citizens; Moran is a Rhode Island citizen; and Airbnb is a Delaware and California citizen. (DE 1 ¶¶ 9–14.) No party disputes those jurisdictional allegations. Moran's consent to removal was also adequately represented in Airbnb's Notice of Removal. (DE 1 ¶ 6.) *See Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) (holding that a notice of removal signed and filed by counsel for one defendant and unambiguously representing that the other defendants consent to removal, satisfies the unanimity requirement). The dispute concerns only the amount in controversy.

## A.    Amount in Controversy at the Time of Removal

The Complaint does not demand a specific amount of damages. (DE 1-1.) Accordingly, Airbnb was required to show by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. 28 U.S.C. § 1446(c)(2)(B); *Scott*, 865 F.3d at 194.

The Court concludes that Airbnb satisfied that burden. Plaintiff alleges that a ceiling fan collapsed onto a minor child's head and caused severe and permanent injuries. (DE 1-1 ¶¶ 7–8.) Plaintiff seeks damages for physical pain, suffering, permanent impairment of health and bodily efficiency, loss of sleep, inability to concentrate, loss of enjoyment of life, increased susceptibility to future injury, substantial medical expenses, and transportation expenses related to medical treatment. (DE 1-1 ¶ 14.) Plaintiff also alleges gross negligence, recklessness, willfulness, and wantonness and seeks punitive damages. (DE 1-1 ¶¶ 13–16.)

The Court does not hold that a request for punitive damages *alone* automatically satisfies the amount-in-controversy requirement. It does not. But punitive damages are properly considered when recoverable under applicable law. *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003). Here, the punitive damages demand is not considered in isolation. It is considered together with the alleged nature of the injury, the alleged permanence of the injury, the claimed medical expenses, and the other categories of compensatory damages pleaded in the Complaint.

The Court may consider the object of the litigation in evaluating the amount in controversy. *See Cannon v. United Ins. Co. of Am.*, 352 F. Supp. 1212, 1217 (D.S.C. 1973). Here, the object of the litigation is recovery for alleged severe and permanent injury to a minor child, including a head injury, medical expenses, non-economic damages, future-related damages, and punitive damages. Considering the Complaint and the Notice of Removal as they existed at the time of removal, the Court finds by a preponderance of the evidence that more than $75,000 was in controversy.

## B.     Plaintiff's Post-Removal Stipulation

Plaintiff argues that remand is required because she later stipulated that "at the time of filing," she "did not intend to pursue damages adequate to satisfy the jurisdictional threshold" and that "the amount in controversy is less than $75,000.00." (DE 10 at 1.) The Court disagrees.

A post-removal stipulation may be considered where it clarifies an otherwise ambiguous complaint. *Stanley*, 423 F. Supp. 3d at 229–31; *Carter*, 2013 WL 3946233, at *1–3. But such a stipulation must be clear, unequivocal, and binding. In *Stanley*, for example, the plaintiffs "irrevocably" stipulated that the amount in controversy did not exceed $75,000, agreed not to amend the complaint to seek more than that amount, and agreed not to attempt to collect on any judgment exceeding that amount. *Stanley*, 423 F. Supp. 3d at 226–27, 230–31. The court accepted the stipulation because it left the plaintiffs "no room to escape the bounds of its restrictions" and bound them to collect no more than $75,000 in actual and punitive damages, exclusive of interest and costs. *Id.* at 230–31.

Plaintiff's stipulation here is materially different. It does not state that Plaintiff irrevocably limits recovery to less than $75,000. It does not state that Plaintiff will not amend the Complaint to seek more than $75,000. It does not state that Plaintiff will not accept or collect a judgment exceeding $75,000. It does not expressly bind the minor's claim to a recovery below the jurisdictional threshold. Instead, it states Plaintiff's intent and then states that the amount in controversy is less than $75,000. (DE 10 at 1.)

That is insufficient to divest this Court of jurisdiction. The relevant question is not simply whether Plaintiff now says the amount in controversy is below $75,000. The question is whether the stipulation clarifies that less than $75,000 was in controversy at the time of removal. Considering the nature of the pleaded injuries, the categories of damages sought, the punitive damages demand, and the absence of

an irrevocable cap on recovery, Plaintiff's stipulation does not establish that less than $75,000 was in controversy when the action was removed.

The Court's conclusion is consistent with *Legg v. Peterbilt of Atlanta, LLC*, 730 F. Supp. 3d 215 (D.S.C. 2024), but this case is materially different. In *Legg*, the complaint itself stated that the amount in controversy was "$75,000.00 or less," the record reflected then-current medical expenses of less than $5,000, and the defendants failed to provide concrete allegations or evidence supporting an amount in controversy exceeding $75,000. *Id.* at 218–20. Here, by contrast, the Complaint contains no express damages cap, alleges severe and permanent injuries to a minor child from a head injury, seeks substantial medical and non-economic damages, and requests punitive damages. (DE 1-1 ¶¶ 7–16.) The jurisdictional record therefore supports the amount in controversy by a preponderance of the evidence. Accordingly, Plaintiff's Motion to Remand is denied.

## C.    Airbnb's Motion to Dismiss

Airbnb moved to dismiss under Rules 12(b)(2) and 12(b)(6). (DE 6.) After that motion was filed, Plaintiff, Airbnb, and Moran filed a joint Stipulation of Dismissal Without Prejudice as to Airbnb. (DE 12.) Airbnb was then terminated as a party. (DE 13.)

Because Airbnb is no longer a party to this action, Airbnb's Motion to Dismiss is moot. The Court expresses no opinion on the merits of the arguments raised in Airbnb's Motion to Dismiss.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (DE 11) is DENIED.

Defendant Airbnb, Inc.'s Motion to Dismiss (DE 6) is DENIED AS MOOT.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 8, 2026